**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **JOHN GASTIAN** | § |
| *Plaintiff* | § |
| | §  **CIVIL ACTION NO. _____** |
| v. | § |
| **SHELL EXPLORATION & PRODUCTION COMPANY,** | § |
| *Defendant.* | § |

## ORIGINAL COMPLAINT

Plaintiff, JOHN GASTIAN, complains of Defendant Shell Exploration & Production Company, and for cause of action would show the Court as follows:

### I.   INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for its religious discrimination violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Section 2000e, et. Seq. ("Title VII").

3. As a direct result of Defendant's actions, Plaintiff has suffered damages. Thus, by way of this lawsuit, Plaintiff seeks to recover his damages caused by Defendant, including (but not limited to) back pay, front pay, lost benefits, reinstatement, compensatory damages, punitive damages, reasonable attorneys' fees, and costs relating to this lawsuit.

### II.   PARTIES

4. Plaintiff John Gastian ("Gastian" or "Plaintiff") is an individual who resides in Galveston County, Texas.

5. Defendant Shell Exploration & Production Company ("Shell" or "Defendant") is a corporation employing more than fifteen (15) regular employees. Shell is headquartered in Harris County, Texas and can be served through its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

### III.   VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

### IV.   JURISDICTION

7. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331, as this case is being brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

8. This Court has personal jurisdiction over Defendant because it is qualified to do business in Texas, included being registered with the Secretary of State. Additionally, during all relevant time periods identified in this lawsuit, Defendant has performed and continues to perform business within Texas.

### V.   CONDITIONS PRECEDENT

9. On March 2, 2022, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). On October 18, 2022, the EEOC sent Plaintiff a Notice of Right to Sue.[1] Plaintiff files this within ninety (90) days after receiving the EEOC's notice of Right to Sue.

---

[1] Exhibit 1 – Right to Sue Letter from the EEOC

## VI.     TITLE VII COVERAGE

10. Plaintiff is an employee within the meaning of Title VII. 42 U.S.C. § 2000e(f). Additionally, Plaintiff has a bona fide religious belief within the meaning of 42 USC § 2000e(j).

11. Defendant is considered to be employers within the meaning of Title VII. Defendant has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

12. Defendant intentionally discriminated against Plaintiff because of his religion in violation of Title VII (as discussed in further detail below).

## VII.     FACTS

13. Defendant hired Plaintiff in or about September 2012, as a Construction Coordinator. Plaintiff's position required him to work at an offshore site.

14. On November 15, 2021, Defendant announced that it would be implementing a mandatory vaccine policy, effective January 1, 2022, in which all of its offshore workers were required to be vaccinated against the COVID-19 virus.[2]

15. Plaintiff filed an application for a permanent religious accommodation, asking for an exemption from the vaccine requirement.[3]

16. On December 29, 2021, Defendant denied Plaintiff's permanent accommodation request, claiming that it would cause an undue hardship to allow him to continue to work offshore while unvaccinated.[4] Instead, Defendant stated that if Plaintiff did not get his COVID-19 vaccination, it would offer him sixty (60) days in which he would be able to apply internally for roles that did not require vaccination. After the sixty (60) day period, if he was unable to

---

[2] Exhibit 2 – COVID-19 Offshore Bulletin
[3] Exhibit 3 – Plaintiff's Application for Religious Accommodation Related to COVID-19 Vaccination
[4] Exhibit 4 – Defendant's denial of Plaintiff's Religious Accommodation Request

3

secure other employment with Shell and was still unvaccinated, any unexcused absences would be unpaid and subject to discipline, including termination.[5]

17. Plaintiff asked for an explanation as to why his request was denied,[6] but even after Plaintiff offered to cover the cost of testing, he was given no explanation beyond a general statement of "undue hardship."

18. Plaintiff is aware of similarly situated employees who were given accommodations and allowed to remain unvaccinated, leading him to believe he was being targeted because of his religious beliefs.

19. Defendant discriminated against Plaintiff on the basis of his religion by failing to provide him with reasonable accommodations in violation of Title VII of the Civil Rights Act (as amended).

## VIII.    CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 – Religious Discrimination**

20. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

21. Plaintiff has a bona fide religious belief which conflicts with Defendant's requirement that all offshore Shell employees be vaccinated against the COVID-19 virus. Defendant was informed of Plaintiff's belief and request for permanent accommodation. Plaintiff was essentially terminated for failing to get vaccinated. In order to continue supporting his family Plaintiff applied and was hired for a temporary assignment through Shell Chemical Company. This position was located in Monaca, PA.

---

[5] *Id.*
[6] Exhibit 5 – Plaintiff's Request for Reason for Denial of Accommodation

22. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and other financial loss (plus interest).

23. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to his name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish.

## IX.     DAMAGES

24. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of future wages, as well as compensatory damages including, but not limited to, emotional distress.

## X.     JURY DEMAND

25. Plaintiff hereby restates his request for a jury trial.

## XI.     PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;
b. Judgment against Defendant, for front pay by Plaintiff as alleged herein;
c. Grant Plaintiff general damages for the damage to Plaintiff's reputation;
d. Pre-judgment interest at the highest legal rate;
e. Post-judgment interest at the highest legal rate until paid;
f. Compensatory damages;
g. Attorney's fees;
h. All costs of court expended herein;
i. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC No.: 7325
Texas State Bar No.: 17268750
gregg@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone: (713) 960-8300
Facsimile: (713) 621-6670
Attorney-in-Charge for Plaintiff